# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 10-248(2) (JRT/JJK) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255** |
| JUAN MANUEL CRISTERNA ESTRADA, | |
| Defendant. | |

Charles J. Kovats, Jr., Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Juan Manuel Cristerna Estrada, Reg. No. 15361-041, Adams County Correctional Center, P.O. Box 1600, Washington, MS 39190, *pro se* defendant.

On February 15, 2011, Defendant Juan Manuel Cristerna Estrada pled guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (Plea Agreement & Sentencing Stipulations at 1, Feb. 15, 2011, Docket No. 141; Presentence Investigation Report ("PSR") at 1.) The Court entered judgment on October 11, 2011, imposing a sentence of 105 months imprisonment followed by three years of supervised release. (Sentencing J. at 2-3, Oct. 25, 2011, Docket No. 168.) On June 20, 2016, Estrada filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Estrada's Mot. to Vacate, June 20,

2016, Docket No. 201.)  Because *Johnson*, 135 S. Ct. 2551, does not entitle Estrada to any relief under § 2255, the Court will deny the motion.

## I.  SECTION 2255

Section 2255(a) permits a prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Estrada argues that *Johnson* provides a basis for this Court to correct his sentence. In *Johnson*, the Supreme Court considered the "residual clause" of the definition of "violent felony" within the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924.  135 S. Ct. at 2555.  The residual clause provides that a violent felony includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  The Supreme Court found the residual clause unconstitutionally vague and thus held an enhanced sentence under the residual clause is unconstitutional.  *Johnson*, 135 S. Ct. at 2557-58 (interpreting § 924(e)(2)(B)(ii)).

Estrada's reliance on *Johnson* is misplaced, as the Court did not impose an enhanced sentence under the ACCA's residual clause.[1] Indeed, Estrada did not have any previous convictions to justify applying a sentencing enhancement under the ACCA. (PSR at 7 (noting Estrada had zero criminal history points).) Although Estrada appears to believe that based on the PSR, he "received a two-level increase" for possessing a firearm, (Estrada's Mot. to Vacate at 5), the Court did **not** apply the increase at Estrada's sentencing. Thus, as *Johnson* does not apply to this case, the Court will deny the § 2255 motion.[2]

## II.    CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). For purposes of appeal under § 2253, the Court finds that Estrada has not shown that reasonable jurists would

---

[1] Estrada also appears to imply that the residual clause found at § 4B1.2(a) of the United States Sentencing Guidelines is unconstitutionally vague. (Estrada's Mot. to Vacate at 3.) Estrada's argument is precluded, however, as the Supreme Court in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), held the sentencing guidelines are not subject to a void-for-vagueness challenge. Moreover, Estrada was not sentenced under § 4B1.2(a) as he was not a career offender.

[2] Estrada also makes the conclusory claim that he received "[i]neffective assistance of counsel at sentencing," but does not provide any factual or legal argument to support this claim whatsoever. (*See* Estrada's Mot. to Vacate at 2.) As the Court cannot determine the grounds for the claim, the Court declines to address the issue. "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted).

find the issues raised in the § 2255 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. Therefore, the Court declines to grant a Certificate of Appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1.      Estrada's Motion for to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket No. 201] is **DENIED**.

2.      For the purpose of appeal, the Court does not grant a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  May 1, 2017                          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                            Chief Judge
                                            United States District Court